IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL DELY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-1783 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 12 |
| NEW CASTLE AREA SCHOOL DISTRICT, | ) | |
| DEBORAH DEBLASIO, EMILY SANDERS, | ) | |
| JOSEPH AMBROSINI, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Plaintiff Michael Dely ("Plaintiff") brings this action against New Castle Area School District (the "School District"), Deborah Deblasio ("Deblasio"), Emily Sanders ("Sanders"), and Joseph Ambrosini ("Ambrosini") (collectively, "Defendants"), and alleges claims under federal and Pennsylvania state law for discrimination on the basis of age and disability, for the maintenance of a hostile work environment, retaliation, and intentional infliction of emotional distress. ECF No. 1.

Presently before the Court is a Motion for More Definite Statement filed on behalf of all Defendants. ECF No. 12. For the reasons that follow, the motion will be denied.[1]

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The allegations below are drawn from Plaintiff's Complaint and are construed in Plaintiff's favor for purposes of the pending motion.

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, including trial and entry of final judgment, with direct review by the United States court of Appeals for the Third Circuit if an appeal is filed. ECF Nos. 19 and 20.

Plaintiff was employed as a computer technician with the Defendant School District beginning in July 2014. ECF No. 1 ¶ 16. During his employment, Plaintiff endured "constant sexual harassment" by his female direct supervisor, Defendant Sanders. Id. ¶¶ 32-35. Co-workers were aware of the harassment but humiliated Plaintiff over the situation, and made him feel "extremely uncomfortable." Id. Plaintiff complained to Defendant Ambrosini, who served as the District Business Officer and to the School District's general counsel. Id. ¶¶ 20, 36-37. Both told Plaintiff to yield to Defendant Sanders' advances. Id. Defendant Sanders learned that Plaintiff was in a relationship and then retaliated against Plaintiff by falsely claiming that "he engaged in poor behavior towards women." Id. ¶ 40. Plaintiff alleges that he was not believed because of his sex. Id. ¶ 46.

Plaintiff's complaints to the School District resulted in discipline and accusations that he was unprofessional, the denial of a promised promotion, and the denial of pay increases commensurate with his peers in other area school districts. Id. ¶¶ 24-27, 47-49, 52. Plaintiff suffered ongoing harassment, shunning, and false accusations because of his complaints of sexual harassment. Plaintiff also alleges that the School District knew that he suffers from Type-2 Diabetes that impacts his daily bodily functioning; yet it failed to accommodate his needs for leave in violation of established School District policies. Id. ¶¶ 17-18, 63, 64, 66, 68.

In May 2021, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC"), and cross-filed with the Pennsylvania Human Relations Commission ("PHRC"). Id. ¶ 69. Plaintiff alleges that the workplace hostility "intensified" after he filed his administrative complaint. Id. ¶ 70. Because of ongoing hostility and the detrimental impact of Defendants' conduct on his health, Plaintiff states he was forced to resign from his position. Id. ¶¶ 72, 75. He submitted his letter of resignation on March 8, 2022, and upon arrival

to work that day, he was escorted from School District property. Id. ¶ 73. On April 4, 2022, Plaintiff filed a second administrative complaint with the EEOC, and again cross-filed with the PHRC.

Plaintiff alleges that he has suffered an adverse employment action in the form of constructive discharge, and was singled out for adverse treatment because of his gender, his complaints of sexual harassment, and because he filed an administrative complaint with the EEOC. Id. ¶¶ 76-80.

The EEOC issued Right to Sue notices with respect to his administrative complaints on September 21, 2022, and October 14, 2022. Plaintiff initiated this action by the filing of a 204 paragraph Complaint on December 12, 2022. ECF No. 1.

Through the pending Motion for Definite Statement, Defendants contend that Plaintiff's Complaint is insufficient under federal pleading requirements because he did not attach a copy of the EEOC charges to his Complaint. ECF No. 12. Defendants assert that only the School District is identified as a respondent in Plaintiff's administrative charges; thus claims against other Defendants may be barred. Defendants also find fault with Plaintiff's failure to allege the dates upon which acts of discrimination, retaliation, and intentional infliction of emotional distress occurred. Defendants contend that some acts may fall outside the statute of limitations and thus be considered time barred. ECF No. 13.

Plaintiff filed a Response in Opposition to the pending motion. ECF No. 16. Defendants filed a Sur-reply Brief. ECF No. 18.

The Motion for a More Definite Statement is ripe for consideration.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." "[D]etailed factual allegations" are not required, but there must be "enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554–56. (2007). "The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.... This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir.2008) (quoting Twombly, 550 U.S. at 556). The United States Supreme Court explained in Ashcroft v. Iqbal, 556 U.S. 662, 678, 679 (2009), that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and observed that "[d]etermining whether a complaint states a plausible claim to relief will.... be a content-specific task that requires the reviewing court to draw on its judicial experience and common sense."

When pleading sufficiency is challenged, a party may seek a motion for more definite standard. However, under the liberal pleading requirements of Rule 8, the standard for an order granting relief under Rule 12(e) is stringent:

> The prevailing standard employed by courts within the Third Circuit is to grant a Rule 12(e) motion "'when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself].'" Lamb v. Richards Snow & Ice Removal, No. 3:17-cv-28, 2017 WL 6352401 at *1 (W.D. Pa. December 11, 2017) (quoting MK Strategies, LLC, v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (additional

citations omitted)). "Rule 12(e) should not be used to obtain information 'which presents a proper subject for discovery.'" Id. (quoting Lincoln Labs., Inc. v. Savage Labs., Inc., 26 F.R.D. 141, 142-43 (D. Del. 1960)). Rule 12(e) motions should be granted based on "unintelligibility, not lack of detail." Wood & Locker, Inc. v. Doran & Assocs., 708 F. Supp. 684, 691 (W.D. Pa. 1989) (Smith, J.). Whether a Rule 12(e) motion should be granted is "'a matter committed largely to the discretion of the district court.'" MK Strategies, 567 F. Supp. 2d at 737 (quoting Clark v. McDonald's Corp., 213 F.R.D. 198, 232 (D.N.J. 2003)).

Runaway Recs. Prods., LLC v. Franciscan Univ. of Steubenville, No. CV 21-752, 2023 WL 3344163, at *1 n.3 (W.D. Pa. May 10, 2023).

### III. DISCUSSION

Defendants' first assertion of error is readily resolved – to the extent that Defendants insist that Plaintiff's EEOC charges are required at this stage of the litigation, Plaintiff has provided copies of each charge in response to the pending motion. ECF No. 16-1; ECF No. 16-2. Thus, the charges are of record and the Motion for a More Definite Statement on this basis is denied as moot.

Plaintiff's second assertion of error relates to Plaintiff's failure to provide details such as the dates and times of Defendants' alleged misconduct. Upon review, the Court finds that as to each claim, Plaintiff has set forth sufficient factual allegations "to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555. To the extent that Defendants assert that the dates of alleged retaliatory acts are required so that defenses such as exhaustion and the statute of limitations may be raised, such information may be obtained through appropriate discovery. Defendants may raise appropriate issues by way of a motion for summary judgment at the appropriate time.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion for More Definite Statement is properly denied. Accordingly, the following Order is entered:

### ORDER

AND NOW, this 7th day of June 2023, upon consideration of Defendants' Motion for More Definite Statement, ECF No. 12, and the briefs filed in support and in opposition to it, and for the reasons set forth in this Memorandum Order, the motion is denied.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing